This suit results from an automobile collision between plaintiff's ambulance and a 2 1/2 ton truck of the defendant company, which occurred on the afternoon of December 13, 1940, on St. Vincent Avenue near or at the intersection of 68th Street in Shreveport.
On behalf of plaintiff it is contended that the driver of the ambulance, proceeding South on St. Vincent Avenue, overtook defendant's truck at a point about 120 feet North of the intersection of 68th Street, warned the truck by honking, swung out to the left to pass the truck, and when about ninety feet from the intersection, as the front of the ambulance drew up to the rear of the truck, the driver of said truck negligently and without warning turned sharply to the left in order to begin making a turn East into 68th Street. The collision resulted, and the physical facts as to damages corroborate the claim that the right front part of the ambulance struck the left rear of the truck, causing damages to the ambulance, for which plaintiff seeks compensation.
Following the usual rule in cases of this character there is a serious dispute as to the facts. There appears to be no great difference of opinion as to the law involved.
Defendant contends that the driver of its truck, after signaling for a left turn, attempted to make the turn into 68th Street off of St. Vincent Avenue, and was struck by the ambulance which was being recklessly and negligently driven. Defendant alleges negligence on the part of the driver of the ambulance, in the alternative, contributory negligence such as to bar recovery, and reconvenes for the amount of damages inflicted upon its truck.
Judgment was rendered by the lower court in favor of plaintiff in the amount of $221.73 and rejecting defendant's reconventional demand, from which judgment defendant appeals.
The only actual witnesses, of whose testimony the Court has the benefit, were the principal actors, the drivers of the respective vehicles involved in the accident. At the time of the accident the driver of the ambulance was accompanied by a companion, who, unfortunately, had departed this life at the time of trial and whose testimony was not available.
However, the testimony of plaintiff's ambulance driver was corroborated, at least to a degree, by a fellow employee, who arrived at the scene of the accident shortly after the occurrence thereof, and testified as to the results of an examination of the locale, which, according to his testimony, disclosed facts with reference to the location of the cars after the accident, the skid-marks on the street, and the inference to be drawn from the physical facts.
Plaintiff's driver testified substantially in accordance with the facts as above set forth. The driver of defendant's truck testified that he began to make the turn after giving proper warning signal at a point some fifteen or twenty feet before reaching the intersection, and that, as a matter of fact, the impact of the collision took place after he had completed the turn, and, in fact, when he was within approximately three feet of having entirely cleared St. Vincent Avenue.
In view of the physical facts, about which there is no dispute, we cannot accept the testimony of defendant's driver, since to do so would necessitate not only the disregard of the testimony of plaintiff's driver, but would actually require us to completely ignore corroborative circumstances and testimony.
It is further significant that the defendant's driver admits in his testimony that he never did see the ambulance, and, in fact, did not know of its presence until he heard the screeching of its brakes, just before or at the moment of collision.
It is well established that the driver of an automobile is presumed to see that which he should have seen, and, in this instance, the failure of the driver of defendant's truck to see the ambulance inclines us to the conclusion that he was negligent and was not properly vigilant in making observation of the street to his rear before making the turn.
Under the facts of this case we believe the doctrine announced in Fields v. Owens, La.App., 186 So. 849, is applicable. It was held in that case that a person making a left turn without exercising great caution *Page 719 
and care was guilty of negligence, since such a maneuver is regarded as particularly dangerous.
It is our opinion that the plaintiff has sustained his case by a preponderance of the evidence; that defendant has failed to establish any contributory negligence on the part of plaintiff, and, accordingly, for the reasons assigned, judgment of the lower court is affirmed, with costs.